[No. 16249. Department One. March 25, 1921.]

NORTHWESTERN DEBENTURE COMPANY, *Respondent*, v.
M. F. THURMOND, *Appellant*.[1]

SET-OFF AND COUNTERCLAIM (3)—CONTRACT. In an action to re-
cover for extras due upon a building contract, where the defense was
that the owner of the building should be allowed an offset for failure
of full performance of skylight specifications, but without making
any counterclaim therefor, and the evidence showed the cost of in-
stalling the additional skylight was in excess of the amount due for
extras, the defendant was entitled to a dismissal of the action.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered May 17, 1920, up-
on findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Reversed.

*S. F. McAnally* and *C. O. Bates,* for appellant.

BRIDGES, J.—By the terms of a written contract,
J. M. Nichols & Company agreed, for a certain fixed
compensation, to make certain alterations and repairs
upon a building located in the city of Tacoma and
owned by the defendant. The contract, among other
things, provided that Nichols & Company should fur-
nish and install one hundred and twenty-four square
feet of skylight. Either immediately before or during
the performance of the work, there was an oral agree-
ment between the parties whereby Nichols & Com-
pany were to do certain extra work on the building.
The work being finished, the contractors claimed that
the defendant owed them, mostly on account of work
done under the verbal contract, a balance of $221.95.
They assigned their claim against the defendant to
the Northwestern Debenture Company, a corporation,
which brought this action.

'Reported in 196 Pac. 571.

The defendant, by answer, denied that it was indebted to the plaintiff and affirmatively alleged that, by the terms of the contract, Nichols & Company were required to furnish and install one hundred and twenty-four square feet of skylight, and that they only installed ninety-six square feet of such light, and that the cost of this difference should be offset against any amount which might be found to be owing to the plaintiff. The defendant did not seek any judgment on his counterclaim. The case was tried by the court without a jury, and judgment for a small sum was made and entered against the defendant, who has appealed therefrom.

The respondent has not favored us with any argument or brief. One of the chief grounds for reversal is the charge that the court's findings of fact do not comply with the law in that they are fragmentary and wholly insufficient. It may be conceded that the findings are not so elaborate as they might have been, but we are frank to say that they are probably as full and complete as the amount involved in the litigation justified. The judgment in favor of the respondent grew out of extras which were not covered by the written contract. We have carefully examined the record and are satisfied with the court's finding and judgment in that regard.

The court seems, however, to have refused to allow any offset with reference to the skylight, holding that the amount installed by Nichols & Company was the amount agreed to be installed by the terms of the written contract. A careful examination of the testimony shows that the court was in error in this conclusion. We are confident that only ninety-six square feet of skylight were installed. The testimony shows that the cost of installing the additional skylight would have

been fifty-six dollars. This amount should have been deducted from any amount found to be due respondent. The amount which should have been deducted was more than the sum found to be due and owing to the respondent. The result is that the respondent should not have recovered. The judgment is reversed, with directions to enter an order dismissing the action.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOL-COMB, JJ., concur.